IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CV-185-D

| | | |
|---|---|---|
| FREDERICK AIKENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM E. INGRAM, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 14, 2007, the court entered a judgment dismissing plaintiff Frederick Aikens' ("Aikens" or "plaintiff") amended complaint against defendants William E. Ingram, Jr. ("Ingram") and Peter von Jess ("Von Jess") [D.E. 61]. On March 31, 2008, plaintiff moved for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). On April 21, 2008, defendants Ingram and von Jess (collectively "defendants") responded in opposition. For the reasons discussed below, plaintiff's motion is denied.

I.

Plaintiff was a long-time member of the North Carolina Army National Guard. See Am. Compl. ¶¶ 7–8. Before October 15, 2001, plaintiff was the executive officer of the 139th Rear Operations Center, a North Carolina National Guard unit. Id. ¶¶ 11–12. In October 2001, Ingram was the Adjutant General of the North Carolina National Guard and, as such, was plaintiff's superior officer. See id. ¶ 12. On or about October 15, 2001, Ingram informed Aikens that he was to be promoted to full colonel and commanding officer of the 139th Rear Operations Center, and that he could pick his replacement as executive officer. Id. However, before Aikens could make his choice, Ingram named von Jess as the executive officer. Id.

Von Jess caused tension in plaintiff's unit. See id. ¶¶ 13–15. In December 2001, plaintiff began to receive complaints about von Jess, and by March 2002, nearly every field-grade officer in plaintiff's unit had complained to plaintiff about von Jess. Id. ¶ 13. In May 2002, von Jess and Major David Culbreth ("Culbreth") had an altercation, and Culbreth filed a written complaint regarding von Jess. Id. ¶ 14.

On July 15, 2002, plaintiff disciplined von Jess in his officer evaluation report. Id. ¶ 15. Plaintiff also recounted this disciplinary action against von Jess in another officer evaluation report that covered the period up to December 31, 2002. Id. ¶ 17. In March 2003, Ingram invalidated plaintiff's officer evaluation report of von Jess and had another officer submit an evaluation of von Jess. Id. ¶ 18. Plaintiff complained to the Department of Defense, and the Army Inspector General found that Ingram had exercised undue command influence over von Jess' officer evaluation report. Id. ¶¶ 19–20. Eventually, von Jess left plaintiff's unit. See id. ¶ 28.

In January 2003, plaintiff's superiors advised plaintiff that his unit would be called to active duty and deployed to the Iraqi theater. Id. ¶ 21. On April 21, 2003, plaintiff and his unit arrived at Camp Doha, Kuwait, to assist in Operation Iraqi Freedom. Id. ¶¶ 25–26. While in Kuwait, plaintiff used a Department of Defense computer system. See id. ¶¶ 23–24, 27–28. Brian McCarthy ("McCarthy") and Paul Jones ("Jones"), both soldiers under plaintiff's command, set up and maintained the computer system. Id. ¶¶ 23, 27.

On or about April 21, 2003, Ingram ordered McCarthy and Jones to intercept plaintiff's personal e-mails that plaintiff sent from the computer system. Id. ¶ 29. Ingram ordered McCarthy and Jones to send plaintiff's personal e-mails to von Jess, who was in North Carolina, no longer in plaintiff's unit, and not on active duty. See id. ¶¶ 28–30. Ingram also received the intercepted e-

2

mails. See id. ¶¶ 30, 36. Ingram, McCarthy, Jones, and von Jess did not have authority to intercept or read the e-mails. See id. ¶¶ 24, 28, 35, 43–44.

The intercepted e-mails contained damaging statements that plaintiff and Culbreth made about others, including Ingram. See id. ¶¶ 31–32, 34. Ingram forwarded the e-mails to plaintiff's commanders, and made various allegations about plaintiff to plaintiff's commanders. See id. ¶ 31. These allegations (in part) resulted in various investigations of plaintiff. See id. ¶¶ 32–33, 37–38, 40–41. Plaintiff resigned from the North Carolina National Guard and the United States Army, effective June 6, 2005, and was transferred to the retired Reserve, effective August 31, 2005. Id. ¶ 45.

Culbreth was dismissed from the North Carolina National Guard based on the e-mails he had exchanged with plaintiff. See id. ¶ 34. On October 1, 2004, Culbreth filed suit against Ingram and several others. See Culbreth v. Ingram, 389 F. Supp. 2d 668, 671 (E.D.N.C. 2005). Culbreth alleged various harms flowing in part from Ingram, Jones, McCarthy, and von Jess' unauthorized interception of Aikens' e-mails. See id. at 671–72. Culbreth's counsel is also plaintiff's counsel in this case. See id. at 671.

In Culbreth's case, the defendants argued that Culbreth's complaint should be dismissed because Culbreth had not exhausted his intraservice remedies in that Culbreth did not bring his claim before the Army Board for Correction of Military Records ("ABCMR"). See id. at 673–74. Culbreth responded that he had no intraservice remedies to exhaust, because the ABCMR had no jurisdiction in his case. See id. at 674. Culbreth reasoned that "there was no federal involvement whatsoever . . . and that as such there [was] no federal record for the ABCMR to correct." Id. Specifically, Culbreth argued that he "was serving an [Active Guard Reserve] tour of duty under

3

Title 32 [of the United States Code], and he was therefore a member of the state National Guard under state control serving in a state status." Id.

In Culbreth, Judge Howard declined to decide the exhaustion issue. See id. at 675. Instead, Judge Howard analyzed Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971), and held that the court should not interfere with the matters set forth in Culbreth's complaint. See Culbreth, 389 F. Supp. 2d at 673–78. Judge Howard entered his order on September 29, 2005. Id. at 668.

On April 27, 2006, plaintiff filed his original complaint. Compl. 9. He amended his complaint on May 4, 2006. Am. Compl. 9. Plaintiff sued Ingram, von Jess, McCarthy, and Jones, all in their individual and official capacities. Id. at 1. Plaintiff brought causes of action for invasion of privacy, violation of 42 U.S.C. § 1983, and a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Am. Compl. ¶¶ 46–62. All defendants moved to dismiss on various grounds.

The court held oral argument on September 5, 2007. At oral argument, plaintiff clarified that his claims against Ingram and von Jess are based solely on section 1983 and the Fourth Amendment. On September 13, 2007, the court dismissed plaintiff's complaint. See Aikens v. Ingram, 513 F. Supp. 2d 586, 588 (E.D.N.C. 2007). The court dismissed plaintiff's claims against Ingram and von Jess because plaintiff had not exhausted his intraservice remedies inasmuch as he had not brought his claims before the ABCMR. See id. at 590–93. The court dismissed plaintiff's claims without prejudice so that plaintiff could exhaust his intraservice remedies with ABCMR. Id. at 594. The court stated that "[i]f the ABCMR does not have jurisdiction, it will take no action and plaintiff may return to federal court." Id. at 592. On September 14, 2007, the court entered a judgment dismissing the amended complaint against Ingram and von Jess without prejudice [D.E. 61].

On October 10, 2007, plaintiff submitted his claim to the ABCMR. See Pl.'s Mem. in Supp.

of Mot. for Relief of J. or Order [hereinafter "Pl.'s Mem."], Ex. A. On February 6, 2008, the ABCMR determined that plaintiff's claims were "not within the purview of the ABCMR." Id.

On March 31, 2008, plaintiff filed a motion for relief from the court's September 13, 2007 judgment and order [D.E. 62]. Plaintiff argues that the court should grant his motion for Rule 60(b)(6) relief because "[p]laintiff has now complied with the [court's order requiring] exhaustion of intraservice remedies and should, therefore, be allowed to return to federal court." Pl.'s Mem. 2. Plaintiff's motion requests relief only as to defendants Ingram and von Jess. See id. ("Plaintiff respectfully requests that the Court grant relief.... Specifically, in light of the fact that the ABCMR does not have jurisdiction, the Plaintiff requests that this matter be revisited and Defendant Ingram and von Jess' motion to dismiss be denied."); Ingram's & von Jess' Resp. to Pl.'s Mot. for Relief from J. or Order 6 [hereinafter "Defs.' Mem."] ("Ingram and von Jess assume . . . that Aikens seeks relief from the Court's order and judgment only to the extent they dismiss Aikens' amended complaint against them."). Plaintiff does not seek relief under Rule 60(b)(6) as to defendants McCarthy and Jones.

## II.

In order to obtain relief under Rule 60(b)(6), the moving party initially must show (1) timeliness, (2) a meritorious claim or defense, (3) lack of prejudice to the opposing party, and (4) exceptional circumstances. See, e.g., Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 n.3 (4th Cir. 1997); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993); see also Ackermann v. United States, 340 U.S. 193, 199 (1950). If these threshold requirements are met, the court examines whether "any other reason . . . justifies relief" under Rule 60(b)(6). See Dowell, 993 F.2d at 48.

5

Defendants contend that plaintiff did not make his Rule 60(b)(6) motion within a "reasonable time," that defendants will be unfairly prejudiced if the order and judgment are vacated, and that "exceptional circumstances" are not present. See Defs.' Mem. 7–11. Initially, the court addresses whether plaintiff has established "exceptional circumstances."

To establish "exceptional circumstances," the moving party must show that it is without fault. See Pioneer Inv. Servs v. Brunswick Assoc., 507 U.S. 380, 393 (1993); Nat'l Credit Union Admin. Board, 1 F.3d at 266. The Supreme Court and the Fourth Circuit have denied Rule 60(b)(6) relief when the moving party made a tactical choice that later proved unwise. See, e.g., Ackerman, 340 U.S. at 200 (denying relief based on "voluntary, deliberate, free, untrammeled choice"); Schwartz v. United States, 976 F.2d 213, 218 (4th Cir. 1992) ("[S]trategic decisions made during the course of litigation provide no basis for relief under 60(b)(6), even though with hindsight they appear wrong."); see also Good Luck Nursing Homes, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980) (Fed. R. Civ. P. 60(b)(6) may not "be employed simply to rescue a litigant from strategic choices that later turn out to be improvident."). The Fourth Circuit has recently reaffirmed the "exceptional circumstances" requirement, thus reinforcing the limited scope of Rule 60(b)(6) relief. See Wadley v. Equifax Info. Servs., LLC, No. 07-2046, 2008 WL 4542842, at *2 (4th Cir. Oct. 9, 2008) (per curiam) (unpublished) (determining that change in law that served as basis of district court's ruling did not constitute "extraordinary circumstances").

As discussed, plaintiff's counsel also represented Culbreth in his case against Ingram. In Culbreth, the defendants argued that Culbreth failed to exhaust administrative remedies with ABCMR. 389 F. Supp. 2d at 673. Judge Howard did not reach that issue, but noted that the federal ABCMR did not appear to have authority over Culbreth's claims because he was in Title 32 state

6

status during the relevant time frame. Id. at 675 ("The court has not been able to reach a determination of whether the ABCMR has jurisdiction or could afford [Culbreth] relief in this case."). Judge Howard entered his order on September 29, 2005. Id. at 668.

Plaintiff (via plaintiff's counsel) obviously was well acquainted with Culbreth and the issues involved when plaintiff filed his complaint on April 27, 2006. Further, in plaintiff's case (unlike Culbreth's), plaintiff was federalized during the relevant time frame. See Am. Compl. ¶ 39; Aikens, 513 F. Supp. 2d at 588–89. Plaintiff and his counsel therefore must have known that he would face the ABCMR exhaustion issue in his case. Cf. Aikens, 513 F. Supp. 2d at 590–93.

In this court's order of September 13, 2007, the court dismissed plaintiff's complaint without prejudice, in order to permit plaintiff to exhaust his intraservice administrative remedies. See id. at 591–92. In doing so, this court acted in accordance with a veritable wall of Fourth Circuit precedent requiring such exhaustion. Id. at 591 (collecting cases). The court noted that "[i]f the ABCMR does not have jurisdiction, it will take no action and plaintiff may return to federal court." Id. at 592. In making this observation, the court was not implying that plaintiff could return to court in this action. Rather, the court was making the unremarkable observation that if the ABCMR determined that it lacked jurisdiction, nothing in the court's dismissal would prevent plaintiff from filing a new action against Ingram and von Jess.

Plaintiff apparently seeks Rule 60(b)(6) relief because, if he filed a new action, the section 1983 claims that he seeks to pursue against Ingram and von Jess would be vulnerable to challenge based on the governing three-year statute of limitations. See, e.g., Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 (4th Cir. 1991) (applying three-year statute of limitations in North Carolina for claims under 42 U.S.C. § 1983). Notably, plaintiff discovered the facts underlying his cause of action on or about November 24, 2003. See Am. Compl. ¶ 35 ("On or about [that date],

7

Plaintiff was also informed that . . . Ingram used illegal means to obtain the subject e-mail message."). Accordingly, the statute of limitations seemingly began to run on that date, and it seemingly expired three years later, on November 24, 2006.[1]

Unfortunately for plaintiff, plaintiff made two tactical decisions with adverse affects. First, he waited until April 27, 2006, to file his original complaint. By waiting to file suit over two years into the statute of limitations, plaintiff left little time if a court were to determine that exhaustion was required. Second, when plaintiff filed suit, he had not exhausted his administrative remedies. In light of the Fourth Circuit case law that this court cited in its September 13, 2007 order, this tactical choice was poor. Cf. Aikens, 513 F. Supp. 2d at 591.

Plaintiff may not avoid the statute of limitations problem he now faces by deft use of Rule 60(b)(6). Stated simply, "extraordinary circumstances" do not arise due to time limitations that otherwise apply, and a plaintiff cannot use Rule 60(b)(6) to evade such time limitations. See, e.g., Ackermann, 340 U.S. at 197–200 (Rule 60(b)(6) relief inappropriate where movant made deliberate choice not to appeal judgment revoking his citizenship because litigants must be held accountable for their tactical choices, even where the consequences are weighty); Dowell, 993 F.2d at 48 ("It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal."); Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 133 (4th Cir. 1992) ("A litigant may not move for relief under Rule 60(b)(6) in order to circumvent the applicable time limits on motions under other subsections of Rule 60(b)."); In re Nazi Era Cases Against German Defendants Litig., 236 F.R.D. 231, 235–38 (D.N.J. 2006) (denying Rule 60(b)(6) relief where movant made tactical choice to voluntarily dismiss his lawsuit in hopes of obtaining

---

[1]The court need not resolve this issue definitively. If plaintiff files a new action, and defendants assert the statute-of-limitations defense, the court will then address the issue.

relief through non-judicial international body, but was unable to convince international body to recognize his claim and only thereafter prayed for relief from his own dismissal). Likewise, Rule 60(b)(6) does not provide relief for an attorney's garden-variety tactical choices that ultimately prove incorrect. See, e.g., Ackermann, 340 U.S. at 198; In re Va. Info. Sys. Corp., 932 F.2d 338, 342 (4th Cir. 1991), abrogated in part on other grounds by Barnhill v. Johnson, 503 U.S. 393 (1992); Medlock v. Rumsfeld, 336 F. Supp. 2d 452, 469 n.2 (D. Md. 2003), aff'd, 86 Fed. Appx. 665 (4th Cir. 2004) (per curiam) (unpublished). Plaintiff needed only to have exhausted remedies with ABCMR before filing suit within the three-year statute of limitations. He did not and cannot now find comfort within Rule 60(b)(6).

In sum, plaintiff has not demonstrated the "extraordinary circumstances" necessary to justify Rule 60(b)(6) relief. Indeed, plaintiff does not even attempt to explain what extraordinary circumstances are present in his case. See generally Pl.'s Mem. Thus, the court need not address defendants' other arguments, and plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) is denied.

III.

For the reasons discussed above, plaintiff's motion for relief from the court's September 13, 2007 order and judgment [D.E. 62] is DENIED. The court's dismissal of plaintiff's claims on September 13, 2007, was without prejudice. Thus, plaintiff may file a new action against Ingram and von Jess if he so desires.

SO ORDERED. This 5 day of November 2008.

JAMES C. DEVER III
United States District Judge

9